UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 FEB -5 AM 11: 57

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>              Plaintiff,  )<br>  )<br>      v.  )<br>  )<br>Marco Antonio TAPIA-Lopez,  )<br>  )<br>  )<br>              Defendant  )<br>_____) | Magistrate Docket No. '08 MJ 0330<br><br>DEPUTY<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **February 3, 2008** within the Southern District of California, defendant, **Marco Antonio TAPIA-Lopez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **January 2008.**

_____
Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE



CONTINUATION OF COMPLAINT:
Marco Antonio TAPIA-Lopez

## PROBABLE CAUSE STATEMENT

On February 3, 2008, Border Patrol Agent L. Perez was patrolling an area near Otay Mesa, California known as Johnny Wolf's. This area is approximately three miles east of the Otay Mesa, California Port of Entry and approximately 100 yards north of the United States and Mexico International Boundary.

At approximately 7:30p.m., Agent Perez and Agent Garza responded to a sensor activation in Johnny Wolf's draw. Upon arrival to Johnny Wolf's draw Agents Perez and Garza were guided by the night scope operator to position themselves on the same trail of an individual walking north and wait his arrival. Shortly after Agent Perez encountered the individual and identified himself as a Border Patrol Agent. He then conducted an Immigration inspection. The subject later identified as the defendant **Marco Antonio TAPIA-Lopez** stated that he was a citizen of Mexico and did not possess any U.S. Immigration documents that would allow him to enter or remain in the United States legally. The defendant was arrested and transported to the United States Border Patrol Chula Vista Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 13, 2006** through the Port of Entry at **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights and stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted to being a citizen and national of Mexico, and that he is present without immigration documents that would allow him to enter or remain in the United States legally.